# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

## CASE NO.: 8:23-cv-01032-SDM-MRM

STUART W. BELL, an individual,

    Plaintiff,

v.

LAKELAND SALES, LLC, a
Florida Corporation,

    Defendant.
_____/

## **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, LAKELAND SALES, LLC ("Defendant"), by and through undersigned counsel, hereby responds to Plaintiff, STUART W. BELL's ("Plaintiff") Complaint [D.E. 1], and states:

1. Defendant admits the allegations of this paragraph for jurisdictional and venue purposes only. Otherwise denied.

2. Defendant admits the allegations of this paragraph for jurisdictional and venue purposes only. Otherwise denied.

3. Defendant admits the allegations of this paragraph for

jurisdictional and venue purposes only. Defendant otherwise is without information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies same.

4. Admitted.

5. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual allegations contained in this paragraph.

6. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual allegations contained in this paragraph.

7. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual allegations contained in this paragraph.

8. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual allegations contained in this paragraph.

9. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual

allegations contained in this paragraph.

10. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual allegations contained in this paragraph.

11. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual allegations contained in this paragraph.

12. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual allegations contained in this paragraph.

13. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual allegations contained in this paragraph.

14. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual allegations contained in this paragraph.

15. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual

allegations contained in this paragraph.

16. Admitted.

17. Admitted.

18. Defendant states that the referenced document speaks for itself. Otherwise denied.

19. Defendant states that the referenced document speaks for itself. Otherwise denied.

20. Defendant states that the referenced document speaks for itself. Otherwise denied.

21. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies same.

22. Admitted.

23. Defendant admits that the referenced sums were requested. Otherwise denied.

24. Denied.

25. Defendant states that the referenced document speaks for itself. Otherwise denied.

26. Denied.

## COUNT I – DEFENDANT'S ALLEGED VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667A

27. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual allegations contained in this paragraph.

28. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies same.

29. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual allegations contained in this paragraph.

30. Admitted.

31. Admitted.

32. Defendant admits that it may or may not financially gain upon the resale of a vehicle at the end of the lease term depending on various factors. Otherwise denied.

33. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual

allegations contained in this paragraph.

34. This paragraph contains a statement of law to which no response is required; to the extent a response is required, Defendant denies any factual allegations contained in this paragraph.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied. Defendant further denies any allegations and requests set forth in the WHEREFORE clause that follows this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims alleged in the Complaint may be barred by the one-year statute of limitations that applies under the CLA and TILA. The Complaint

is silent as to the date upon which Plaintiff contends the subject lease agreement was terminated.

## Second Affirmative Defense

The claims alleged in the Notice are barred, in whole or in part, by 15 U.S.C. § 1640(f) and other applicable law, because Defendant's actions or omissions were in good faith and in conformity with rules, regulations, and interpretations of the TILA and CLA, and/or because any alleged error was made in the course of a good-faith attempt to comply with the CLA's disclosure requirements, was not intentional, resulted from a bona fide error, and occurred notwithstanding maintenance of procedures reasonably adapted to avoid any errors.

## Third Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted and Defendant is entitled to dismissal as a matter of law.

## Fourth Affirmative Defense

Plaintiff's claims are moot insofar as Defendant has voluntarily returned all allegedly improperly disclosed or paid sums to Plaintiff.

Respectfully submitted,

**OLIVE | JUDD, P.A.**
*Attorneys for Defendant*
2426 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 334-2250
(954) 334-2259 (fax)

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
Fla. Bar No.: 387983
bolive@olivejudd.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed via CM/ECF on July 10, 2023 and served on the parties of record by notice of electronic filing generated by CM/ECF.

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
Fla. Bar No.: 387983